IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                            )           Criminal No. 1:21-cr-260-LMB<br>)<br>)<br>JAIRO AGUILERA SAGASTIZADO, )<br>    et al.                                                      )<br>)<br>    Defendants.                                          )<br>_____) | |

### DEFENDANT'S NOTICE AND MOTION, WITH MEMORANDUM, FOR A JAMES HEARING TO DETERMINE THE ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

COMES NOW the defendant, Marvin Menjivar Gutierrez, by counsel, and moves this Court, on May 16, 2023, at 9:00 a.m., or as soon thereafter as counsel may be heard, and moves this Court for an Order granting a pre-trial hearing to determine whether co-conspirator hearsay statements are admissible as evidence against them.

It is anticipated that the government will introduce co-conspirator hearsay statements at trial. In light of that, pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979), the defendants move the Court to require the government to submit evidence, independent of the co-conspirator statements, at a pretrial hearing, to establish by a preponderance of the evidence, the existence of a conspiracy, the defendantøs involvement as a member of the conspiracy and that co-conspirator statements to be offered into evidence were made during the course of and in furtherance of that conspiracy.

The defendant asserts that the foregoing procedure of law is necessary to avoid denial of

1

his Fifth Amendment right to due process of law and his Sixth Amendment right to confront witnesses, which will occur if such procedure is not employed.

The admissibility of a co-conspirator's declarations in a conspiracy trial must be evaluated by the trained legal mind of the trial judge alone. The jury is to play no role in determining the admissibility of the statements. *Id.* The Court may make this inquiry 1) at the outset of trial, 2) during the course of the trial, when the government offers co-conspirator hearsay against the defendant, or 3) at the conclusion of the government's evidence, to determine whether the government has "connected up" the hearsay statements to the government's predicate evidentiary burden. *James, supra.*

As noted above, at the contemplated hearing, in order to admit co-conspirator statements, the trial judge is required to determine if evidence, independent of the hearsay statements, shows:

(a) The existence of a conspiracy;

(b) The defendant's involvement as a member of the conspiracy; and

(c) The co-conspirator statements were made during the course and in furtherance of the conspiracy. Fed R. Evid. 801(d) (2) (E); *United States v. Kopituk*, 690 F.2d 1289 (5th Cir. 1982); *United States v. Hartley*, 678 F.2d 961 (5th Cir. 1982); *United States v. Miller*, 664 F. 2d 94 (5th Cir. 1981); *United States v. James, supra*.

Further, the above-mentioned findings should be proven by a preponderance of the evidence, apart from the subject hearsay statement of the co-conspirator.

> [t]he court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy.

2

*James*, 590, F.2d at 582-83.

The more sensible order of proof is for the government to link the defendant to an alleged conspiracy <u>before</u> admitting the co-conspirator's declarations. Thus, the most practical time for such a determination to avoid delaying confusion at trial is in a pre-trial *James* hearing:

> While the government here urges that the practice of "connecting up" be permitted to continue at the discretion of the trial judge, it suggests a remedy for failure to make the connection which may be more burdensome and expensive of prosecutorial and judicial effort than a reordering of the proof. The government suggests that "should the trial judge determine that the government has not carried its burden in connecting the previously admitted evidence, the court may upon appropriate motion, declare a mistrial, unless a cautionary instruction to disregard the statement would suffice to cure any prejudice.'"

*Id.* At 582.

The Fourth Circuit does not require, but does not prohibit, this pre-trial inquiry:

> Appellants, relying on the Fifth Circuit decision in *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836, 61 L. Ed. 2d 283 (1979), argue that it was error for the trial court here not to hold a hearing to determine the existence of the conspiracy *before* any of the co-conspirator statements were admitted in the case-in-chief. This court, however, does not require the *James* hearing. Instead, a trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate. *United States v. McCormick*, 565 F.2d 286, 289 n.5 (4th Cir.), *cert. denied*, 434 U.S. 1021, 98 S. Ct. 747, 54 L. Ed.2d 769 (1978). The district court safeguards the defendant's rights by being prepared either to declare a mistrial or to dismiss the case if the government fails to prove *aliunde* that a conspiracy existed.

*United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983), *cert. denied*, 467 U.S. 1214 (1984).

WHEREFORE, the Defendant respectfully asks that the Court conduct a hearing before the start of trial, at which the government prove by a preponderance of the evidence the needed evidentiary predicates before co-conspirator hearsay testimony is to be admitted against the other defendants. In the alternative, the defendant asks that the Court conduct this inquiry during the course of trial, at the point in the trial when the government attempts to offer co-conspirator

3

hearsay against the defendant.

                                        Respectfully submitted,

                                        MARVIN MENJIVAR GUTIERREZ
                                        By Counsel

_____/s/_____
Mark Petrovich
Virginia Bar No. 36255
Counsel for the Defendant
PETROVICH & WALSH, P.L.C.
10605 Judicial Drive, Suite A-5
Fairfax, Virginia  22030
Phone:  (703) 934-9191
Fax:  (703) 934-1004
Email:  mp@pw-lawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on or before the 21st day of April, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Blanchard
Maureen Cain
Matthew K. Hoff
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Tel: 703-299-3700
Fax: 703-299-3980
John.blanchard@usdoj.gov
Maureen.cain@usdoj.gov
Matthew.hoff2@usdoj.gov

_____/s/_____
Mark Petrovich
Virginia Bar No. 36255
Counsel for the Defendant
PETROVICH & WALSH, P.L.C.
10605 Judicial Drive, Suite A-5
Fairfax, Virginia  22030
Phone:  (703) 934-9191
Fax:  (703) 934-1004
Email:  mp@pw-lawfirm.com

5