IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:21-CR-260 |
| v. | Hon. Leonie M. Brinkema |
| MANILESTER ANDRADE RIVAS, | Trial Date: September 11, 2023 |
| *Defendant.* | Motions Hearing Date: May 23, 2023 |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
MOTION IN LIMINE TO EXCLUDE REFERENCES TO E.L.T. AS VICTIM**

Defendant Manilester Andrade Rivas ("Andrade") asks the Court for an Order precluding the government or its witnesses from referring to an individual identified in the Superseding Indictment as E.L.T. as a "victim" in front of the jury. ECF 226.[1] Andrade's request should be denied as he cites no legal authority and his request is contrary to common practice and basic principles of our adversarial system.

**ARGUMENT**

The Superseding Indictment charges Andrade with, among other counts, conspiracy to commit murder in aid of racketeering activity (Count Ten), murder in aid of racketeering activity (Count Eleven), and using, carrying, brandishing, and discharging a firearm during a crime of violence causing death (Count Twelve), all in connection with the murder of E.L.T. ECF No. 27 at 34–36. More specifically, it is alleged that on or about August 29, 2019, Andrade and other

---

[1] Defendants Jairo Aguilera Sagastizado ("Aguilera") and Marvin Menjivar Gutierrez ("Menjivar") have moved to adopt this motion, ECF Nos. 232 and 249, although neither is charged in the three counts specific to E.L.T. Aguilera and Menjivar provide no additional reasoning and their motions thus fail for the same reasons.

1

MS-13 members and associates "armed themselves with firearms and knives and sought out an individual to murder so that they could maintain and increase their positions within MS-13." *Id.* ¶ 23qq. Shortly thereafter, they "encountered E.L.T. in the vicinity of an apartment complex on Bel Air Road in Woodbridge and murdered E.L.T., by shooting him." *Id.* ¶ 23rr. The government is entitled to prove these allegations at trial and, in so doing, to use the term "victim" to refer to the individual who was killed at the hands of Andrade and other MS-13 members and associates.

As an initial matter, "victim" is an appropriate and neutral way to identify for the jury an individual who was shot to death. As defined at 18 U.S.C. § 3771(e)(2)(A), the term "crime victim" means "a person directly and proximately harmed as a result of the commission of a Federal offense." The term "victim" is used throughout Title 18, appearing over 100 times in the statutory text and a dozen times in statutory titles, including the title of one of the statutory offenses charged in this case: "Tampering with a witness, victim, or an informant." 18 U.S.C. § 1512. And use of the term "victim" at trial has been widely approved. *See, e.g., Tollefson v. Stephens*, No. 14-cv-144-DAE, 2014 WL 7339119, at *6 (W.D. Tex. Dec. 23, 2014) (noting that the term "victim" is "commonly used at trial in a neutral manner to describe the events in question"). Indeed, referring to injured persons as "victims" is permissible, even in the context of jury instructions. This is because "use of the term 'victim' in jury instructions is not prejudicial to a defendant's rights when . . . the instructions taken as a whole clarify the government's burden of proving all elements of the crime." *United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (collecting cases).

Contrary to Andrade's assertion, the term "victim" is neither prejudicial nor misleading. As courts across the country have explained, "[J]urors understand that the Government's position is that a crime in fact occurred, and that the Government's references to 'victim' is merely a

2

restatement of this party's position in the adversarial contest. Even jurors new to the courtroom are unlikely to be misled or confused by the Government's use of the word 'victim' to describe the alleged victim in this matter." *United States v. Seed*, No. 5:07-cr-62-AWB, 2008 WL 11450454, at *1 (D.S.D. Feb. 22, 2008); *see also* Transcript of Final Pre-Trial Conference at 4–5, *United States v. Maxwell*, No. 20-cr-330-AJN (S.D.N.Y. Nov. 1, 2021), ECF. No. 465 ("Government counsel can use the word 'victim' if they're referring to someone alleged to be a victim of the crimes charged in the indictment…It is appropriate for the government to use the terms as representative of its litigating position."); *United States v. Spensley*, No. 2:09-cv-82, 2011 WL 165835 (C.D. Ill. Jan. 19, 2011) ("The jury will not be unfairly inflamed or prejudiced against Defendant if R.K. is referred to as a victim . . . The court is confident that the jury will be able to fairly judge the case and will follow the court's instructions to it on (1) the government's burden of proof and (2) the Defendant's presumption of innocence."). And, as courts have also recognized, precluding the use of terms like "victim" is "impractical," as evidenced by the fact that counsel and the court routinely use those terms during hearings because "it's just hard to engage in a discussion of the charges here without" doing so. *See* Transcript of Final Pre-Trial Conference at 49–50, *United States v. Dupigny*, No. 18-cr-528-JMF (S.D.N.Y. Oct. 17, 2019), ECF No. 198.

Andrade's only rationale for precluding the government from referring to E.L.T. as a "victim" is that it is inconsistent with his theory of the case. Specifically, Andrade suggests he shot in self-defense and E.L.T. was the initial aggressor. ECF No. 226 at 3. But Andrade is no more entitled to have the government's case reflect his preferred view of evidence than the government is entitled to the reverse. Rather, "[a] prosecutor is permitted to state what he believes to have been established by the evidence and to comment fairly upon it." *United States v. Martinez*,

3

616 F.2d 185, 187 (5th Cir. 1980); *see also United States v. Suarez*, 588 F.2d 352, 354 (2d Cir. 1978) (observing that lawyers are entitled to "broad latitude in the inferences they may suggest to the jury"). And courts consistently reject defendants' attempts to confine the government's argument to mirror the defense's view of the case. As one New York judge recently stated, "Defendant's argument in favor of excluding the terms . . . is, in essence, based on the merits of his case: he argues that the allegations against him do not show that he violated the relevant statutes," but "[t]he Government is within its rights to take and advocate for a different view of the evidence," and such words are not "unduly prejudicial." *United States v. Gasperini*, No. 16-cr-441-NGG, 2017 WL 3140366, at *7 (E.D.N.Y. July 21, 2017), *aff'd*, 729 F. App'x 112 (2d Cir. 2018).

In sum, there is no risk that the jury will be confused or misled, or that the defense will be prejudiced by this non-inflammatory and commonly used term, especially in the context of the Court's instructions articulating the government's burden of proof of all elements of the crimes charged in the Superseding Indictment. *See Washburn*, 444 F.3d at 1013.

\*  \*  \*

## **CONCLUSION**

Wherefore, for the foregoing reasons, the Court should deny Andrade's motion to exclude references to E.L.T. as a "victim."

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
John C. Blanchard
Maureen C. Cain
Megan C. Braun
Assistant United States Attorneys

Matthew K. Hoff
Department of Justice Trial Attorney
Organized Crime and Gang Section

## CERTIFICATE OF SERVICE

I certify that on May 5, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By:  _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:   (703) 299-3980
John.Blanchard@usdoj.gov