IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-260-6-LMB |
| CARLOS JOSE TURICIOS VILLATORO, | |
| Defendant. | |

**OBJECTIONS TO GOVERNMENT'S *BRUTON* PROPOSAL**

The government proposes presenting to the jury a transcript of the post-arrest interview of co-defendant Manilester Andrade Rivas, with some names highlighted. Jose Villatoro objects to that proposal.

First, highlighting names does not solve the *Bruton* problem. Under *Bruton* and its progeny, admission of a co-defendant's confession is unconstitutional when it explicitly names a co-defendant or when it implicitly names a co-defendant with an obvious redaction or a nickname.

Second, even more fundamentally, at least one portion of the interview is entirely inadmissible. That portion is the approximately six pages in which Rivas discusses things he heard about the double murder, even though "[he] wasn't there," "do[esn't] know what happened or how it happened," and he "do[esn't] know who did what." Tr. at 130. Rivas stated he heard these things because "word gets around." Tr. 131.

Rivas's post-arrest interview is not admissible as a co-conspirator statement, because it wasn't made in furtherance of the conspiracy; rather it was made to police post-arrest, and, of

course, that doesn't further the conspiracy.[1]

Thus, the statement is only admissible against Rivas, as a statement against interest. And Mani is <u>not</u> charged in the double murder. Therefore, this speculative hearsay-within-hearsay conjecture is irrelevant, hugely prejudicial, and its admission would violate the rules of evidence and the Constitution.

<u>Third</u>, setting the double murder aside, various of the police officers' statements are inadmissible hearsay and should be redacted; otherwise, it's just the police testifying about things like:

- What the officers know, from their investigation, about what is required to achieve the rank of chequeo in the Sitios clique. Tr. 87-88.

- An officer says (paraphrased): There were 14 murders in Prince William County last year; it's my job to investigate them, and I've determined that four of them were related to Sitios. Tr. 94.

---

[1] *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471 (1963) (out-of-court declaration made after arrest may not be used at trial against one of declarant's partners in crime); *United States v. Gomez*, 927 F.2d 1530 (11th Cir. 1991) (statement of declarant that she had told defendant to travel to particular city to pick up money was not admissible under co-conspirator exception to the hearsay rule, as statement was made after defendant's arrest, and statement regarding what defendant had done in the past could not have furthered conspiracy to import cocaine which had already been confiscated); *United States v. Kindle*, 925 F.2d 272 (8th Cir. 1991) (statements made to law enforcement officer after co-conspirator's arrest, were not made in furtherance of conspiracy so as to be admissible in joint trial against co-conspirator); *United States v. Di Rodio*, 565 F.2d 573 (9th Cir. 1977) (although an FBI agent's testimony about post-arrest statements made by the co-defendant, who chose not to take the witness stand, was admissible and relevant as against the co-defendant, it was hearsay as to the defendant since the statement was made after the co-defendant's arrest, at a time when the conspiracy had ended, and since the statement was not made in furtherance of the conspiracy nor to advance any object of it); *United States v. Lam Lek Chong*, 544 F.2d 58 (2nd Cir. 1976) (where statement made by defendant implicating himself and co-defendant in conspiracy was made after defendant's arrest, the co-conspirator exception to hearsay exclusion was no longer available to permit the statement's use against co-defendant.).

- "Based on conversations with those people, I know he wasn't the first one to shoot." Tr. 117 (referencing Tate murder).

- "[A]fter talking with the doctor and all that, I know he was shot, and he tried to shoot back. But, it wasn't that he shot first." Tr. 118 (referencing Tate murder).

Mr. Villatoro attaches, as sealed Exhibit 1, his proposed changes to the government's proposal.

Thank you,

CARLOS JOSE TURICIOS VILLATORO
By Counsel

By:

/s/ *[signature]*
Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

Robert J. Wagner
*Virginia Bar No. 27493*
robwagnerlaw@gmail.com
ROBERT J. WAGNER, PLC
101 Shockoe Slip, Suite J
Richmond, VA 23219
(804) 814-8172

3

**CERTIFICATE OF SERVICE**

I certify that on September 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt