IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-260-6-LMB |
| **CARLOS JOSE TURCIOS VILLATORO**, | |
| Defendant. | |

**MOTION TO COMPEL *BRADY* EVIDENCE
THAT LED GOVERNMENT TO FIRST CHARGE OTHER PEOPLE
WITH THE DOUBLE MURDER**

Mr. Villatoro and Mr. Arias are currently charged with the double murder in this case.[1] Previously, the (state) government charged Abner Molina Rodriguez and Gerardo Serrano Molina with these murders and detained them pending trial. According to police reports, Molina Rodriguez was charged based on his confession, and Serrano Molina was charged based on jail house conversations after Molina Rodriguez was arrested and "data found in cell phone dumps" which "tied Serrano Molina to the planning and commission of the murders." *See* Ex. 1 (DBL-00019129).

Defense counsel for Mr. Villatoro and Mr. Arias have been unable to find these materials in the 4 TBs of discovery produced to date and move the Court to compel the government to produce them and/or direct defense counsel to where they are in the discovery.[2] More broadly, Mr. Villatoro moves to compel any and all materials that suggest Molina Rodriguez and/or Serrano Molina, the people the government first charged with the double murder, in fact

---

[1] Co-defendant Rivera was also charged with the double murder in the original indictment.
[2] Both Mr. Villatoro and Mr. Arias are availing themselves of the services of the Coordinating Discovery Attorney.

committed it, or were involved in its commission.[3]

The prosecution has a duty in criminal cases to disclose potentially exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963) ("A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice . . . ."). This duty is so powerful and far-reaching that it imposes on prosecutors "a duty to learn of any favorable evidence known to others acting on the government's behalf in this case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). If the prosecution has evidence, or knows of evidence held by the police, that someone else committed the murders, that is *Brady*.

The government has responded that it is "working on this information for you." However, given that trial is set to commence in 2½ weeks, Mr. Villatoro files this motion. The government should be ordered to produce any and all materials that suggest Molina Rodriguez and/or Serrano Molina, the people the government first charged with the double murder, in fact committed it, or were involved in its commission, including but not limited to, the jail house conversations after Molina Rodriguez was arrested and the "data found in cell phone dumps" which "tied Serrano Molina to the planning and commission of the murders."

---

[3] Defense counsel also requests that the government confirm that the redactions in the police reports do not contain mention of *Brady* evidence.

Thank you,

CARLOS JOSE TURCIOS VILLATORO
By Counsel

By:

/s/ *[signature]*
Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

Robert J. Wagner
*Virginia Bar No. 27493*
robwagnerlaw@gmail.com
ROBERT J. WAGNER, PLC
101 Shockoe Slip, Suite J
Richmond, VA 23219
(804) 814-8172

## **CERTIFICATE OF SERVICE**

I certify that on September 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt