IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIRO GUSTAVO AGUILERA SAGASTIZADO, et al.<br><br>*Defendants.* | No. 1:21-CR-260-LMB-6<br><br>Hon. Leonie M. Brinkema<br><br>Trial Date: October 2, 2023 |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
REFERENCES TO THE PENALTIES THE DEFENDANTS FACE IF CONVICTED**

The United States of America, by and through its attorneys, hereby moves *in limine* to preclude defense counsel and the defendants themselves, should they testify, from making reference—through questioning of witnesses, during argument, or in testimony—to the criminal penalties that the defendants will face if convicted. The defendants' sentencing exposure is irrelevant and potentially prejudicial and therefore inadmissible.

**ARGUMENT**

Where, as here, the jury has no sentencing function, it must "reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (internal quotation marks omitted). This principle reflects "the basic division of labor in our legal system between judge and jury." *Id.* The jury must find facts and determine "whether, on those facts, the defendant is guilty of the crime charged." *Id.* "The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* Information concerning the consequences of a verdict is therefore "irrelevant to the jury's task," *id.*, and the jury must reach

its decision "without considering possible sentences," *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987).

The risk in informing the jury about the potential penalties a defendant will face if convicted is not just that it will serve as an invitation to consider matters that lie beyond the jury's province, this information also "distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon*, 512 U.S. at 579. As courts have observed, such information may open the door to compromise verdicts, *see United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991), invite jury nullification, *see United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997), or otherwise cause the jury to disregard the strength of the evidence, *see Meredith*, 824 F.2d at 1429.[1]

## CONCLUSION

Because information regarding a defendant's potential punishment is irrelevant to a jury's fact-finding responsibilities, and would only serve to distract the jury, cause confusion, and invite improper considerations, such information is plainly inadmissible. *See United States v. Robinson*, 583 F. App'x 53, 53–54 (4th Cir. 2014) ("Informing a jury of the penalty for an offense is prejudicial, and breach of this well-grounded principle may constitute reversible error." (citing *Meredith*, 824 F.2d at 1429)). The Court should therefore preclude defense counsel and the defendants from making any reference at trial to the sentences the defendants face upon conviction.

---

[1] The government does not seek to preclude questions posed to cooperating witnesses regarding the sentences they received.

2

Respectfully submitted,

Jessica D. Aber
United States Attorney


By: _____/s/_____
John C. Blanchard
Maureen C. Cain
Assistant United States Attorneys

Matthew K. Hoff
Department of Justice Trial Attorney
Violent Crime & Racketeering Section

## CERTIFICATE OF SERVICE

I certify that on September 15, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By: _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:   (703) 299-3980
John.Blanchard@usdoj.gov