IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.

CARLOS JOSE TURCIOS VILLATORO,

Defendant.

Case No. 1:21-cr-260-6-LMB

### RESPONSE IN PARTIAL OPPOSITION TO GOVERNMENT'S MOTION TO PRECLUDE REFERENCE OF POTENTIAL SENTENCES

The accused, Jose Villatoro, agrees not to testify as to any potential sentence he faces, as he agrees the jury's province is that of guilt and innocence, not punishment. In that respect, he agrees with the government.

However, Jose is allowed to confront witnesses to elicit any relevant information bearing on bias, prejudice, or motive for testifying. This right is guaranteed by the Confrontation Clause of the Sixth Amendment. "The trial judge may limit such cross-examination only to preserve the witness' constitutional immunity from self-incrimination, to prevent attempts to harass, humiliate or annoy him or where the information sought might endanger the witness' personal safety." *Hoover v. Maryland*, 714 F.2d 301, 305 (4th Cir. 1983) (internal citations omitted). "When such factors are not present, substantial limitations on the attempts of a defendant to undermine as biased a witness' testimony constitute constitutional error." *Id.* "Especially where the witness is an accomplice of the defendant or may have some other substantial reason to cooperate with the government, the defendant should be permitted wide latitude in the search for the witness' bias." *Id.* (quoting *United States v. Tracey*, 675 F.2d 433, 437 (1st Cir. 1982)).

Here, various cooperating witnesses have pleaded guilty to conspiring with their co-

defendants to distribute drugs and commit murder. These people will testify at trial.

Precisely this scenario occurred in *United States v. Turner*, 198 F.3d 425 (4th Cir. 1999). In that trial, the defense attorney sought to cross-examine a cooperating witness about her perceived exposure to criminal liability and penalties:

> Q: So your choices were to talk with the police or be indicted for continuing criminal enterprise and for murder; is that right?
>
> A: Yes.
>
> Q: Did you have some idea what the penalties might be at that time?
>
> A: My understanding was – [1]

The prosecutor objected on relevancy, and the Court sustained the objection. On appeal, the government acknowledged at oral argument that the relevancy objection was meritless, and the Court concluded the same.[2]

As the Fourth Circuit put it:

> <u>A witness's understanding of the potential penalties faced prior to entering into a plea agreement may demonstrate bias and prejudice, as well as the motive of the witness for testifying against the defendant and for the prosecution.</u> As such, this inquiry is, as a general proposition, highly relevant to testing the witness's credibility. *See, e.g.*, *United States v. Ambers*, 85 F.3d 173, 176-77 (4th Cir. 1996) (approving thorough cross-examination about the maximum and minimum penalties the witness believed he faced, absent his cooperation with the government) . . . .[3]

---

[1] *Id.* at 429-30.
[2] *Id.* at 430.
[3] *Id.* (emphasis added).

Therefore, potential sentences may be relevant at trial, as Mr. Villatoro is permitted to cross-examine cooperating witnesses concerning their understanding of the sentencing risks and to comment on that at trial.

Thank you,

CARLOS JOSE TURCIOS VILLATORO
By Counsel

By:

/s/ *[signature]*
Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

Robert J. Wagner
*Virginia Bar No. 27493*
robwagnerlaw@gmail.com
ROBERT J. WAGNER, PLC
101 Shockoe Slip, Suite J
Richmond, VA 23219
(804) 814-8172

3

**CERTIFICATE OF SERVICE**

    I certify that on September 16, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

                                                 /s/ _[signature]_
                                                 Elizabeth L. Van Pelt