IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:21-cr-260-6-LMB |
| **CARLOS JOSE TURCIOS VILLATORO**, | |
| Defendant. | |

**NOTICE: MR. VILLATORO SUPPORTS COURT'S SEVERANCE OF TRIAL**

Relying upon its considerable experience administering jury trials in its courtroom, the Court severed this lengthy and complex case into two trials.[1]

Mr. Villatoro supports this ruling, which the Court has broad discretion to make, for the following reasons:

1. It would allow Mr. Villatoro to sit with and consult with his lawyers at counsel table.

2. It would ameliorate concerns about the mutually antagonistic defenses advanced by co-defendants Arevalo and Andrade.

3. It would allow the government more time to fully comply with the *Brady* issues identified by co-defendant Arevalo in his motion to dismiss the indictments.

4. It would help resolve the *Bruton* issue related to co-defendant Andrade's statement.

5. It would simplify the issues for the jury (and the Court) and prevent jury confusion.

The government objects. It argues that a single trial is more efficient, especially because the defendants are all joined in a common conspiracy. According to the government, the actual trial time is exponentially increased, because, it says, it will put on the same case twice.

---

[1] ECF #713.

But that is not necessarily so. Here, the defendants are charged with distinct murders, even thought they are all part of, or connected to, the RICO conspiracy. The series of events, the evidence, and the witnesses are not identical for each of the murders charged in the case. Yes, the proof of the enterprise must be made as to all the RICO defendants, and the role of the government's main cooperator must be elaborated as to each of the parties, but these are minor elements of any particular charge.

The government claims that the same evidence of all the activities of each of the co-defendants would be admissible at both trials because each jury must understand the "complete picture" of the alleged criminal conduct. Therefore, it will present it all. But that analysis is not quite right. Despite the alleged conspiracy, not all the evidence as to each defendant comes in against each co-defendant. For example, even many co-conspirators' statements, admissible under Fed. R. Evid. 801(d)(2)(E), would be excluded as to certain defendants, either because their prejudice outweighs their probative value, or because the proof for the element they are introduced to prove, i.e., that which tends to show the existence and functioning of the enterprise, is cumulative.

The primary duplicative evidence in the proposed severed trials is the "enterprise" evidence, which is introduced to show the existence, structure, and organization of the alleged MS-13 clique. That portion of the case will take no longer than two or three days, as the government is not permitted to introduce unlimited "enterprise" evidence. Indeed, sometimes it

is in the interests of justice for the government to not present each and every piece of evidence it has, or to go forward on each and every charge it could.[2]

Moreover, the overall trial time will be shorter and less taxing than the government predicts, because the trials will be smoother and more concise. The evidence in each case will not scatter about the various contours of the conspiracy. There will be three (or six) defense counsel cross-examining and raising objections rather than six (or twelve). Sidebars will be much more infrequent. Continuances and adjournments will be less common. Stipulations will be easier to reach.

Moreover, the second trial is certain to be shortened by the first trial. The government will get a better sense of what is effective, and where the strength of its proof lies. Prosecutors will be more aware of what the jury responds to, and what it ignores. The Court itself will be much more familiar with the nature of the case and the evidence, thus enabling more expeditious and more efficient rulings. Duplicative and cumulative evidence will be easier to identify and exclude.

Finally, and importantly, two trials will reduce the burden on the jury. Otherwise, thrown into an alien and often confusing system, the jurors must absorb vast quantities of information,

---

[2] *See, e.g.*, *United States v. Casamento*, 887 F.2d 1141, 1152 (2d Cir. 1989) ("In considering the advisability of separate . . . trials . . ., the judge should explore with the prosecutor whether the interests of justice would be adequately served by limiting the prosecution of such defendants to charges that can be proven expeditiously and that, in the event of conviction, carry exposure to adequate maximum penalties. It makes little sense to extend the time of a multi-month trial by including a peripheral defendant against whom a few days of evidence in a separate trial would be sufficient to obtain a conviction on scaled down charges exposing him to approximately as much punishment as he would likely have received on the original charges.").

try to keep it in order, and evaluate its credibility and probative value—across 6 co-defendants, 12 defense attorneys, 4 murders, 20 counts, and the intricacies of RICO conspiracy law. They would be forced to also perform the mental gymnastics of properly considering the various permutations of the limiting instructions they are given. The process as a whole may be draining, disorienting, exhausting, and even demoralizing.

In sum, two trials is a good solution.

Thank you,

CARLOS JOSE TURCIOS VILLATORO
By Counsel

By:

/s/ *[signature]*
Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

Christopher Amolsch
*Virginia Bar No. 43800*
chrisamolsch@yahoo.com
12005 Sunrise Valley Drive
Suite 200
Reston, VA 20191
(703) 969-2214

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt