IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 1:21-CR-260 |
| | : | |
| CRISTIAN AREVALO ARIAS, | : | |
| | : | |
| Defendant. | : | Honorable Leonie M. Brinkema |
| | : | |

**NOTICE OF NO OBJECTION**

On December 15, 2023, the Court entered an Order severing the defendants unless there are compelling objections from the parties. Doc. 713. Mr. Arevalo, by counsel, hereby notes that he has no objection. Mr. Arevalo agrees that the Court's plan to sever the defendants will reduce logistical complications and "ensure an efficient and fair trial that will minimize juror confusion and security concerns." *See* Doc. 713. Although the government has filed an objection, that objection is not compelling enough to overcome the interests the Court's Order protects: justice, efficiency, and the presentation of comprehensible cases to the jurors.

Although Mr. Arevalo understands the logistical constraints of the courtroom, Mr. Arevalo joined Mr. Turcios Villatoro's Motion for Appropriate Relief for two reasons. *See* Doc. 698. First, the motion appropriately identified a Sixth Amendment concern that counsel and the defendants be able to easily communicate during trial. This is a complicated case with numerous charges and voluminous discovery, and Mr. Arevalo's team cannot effectively represent Mr. Arevalo without being able to readily communicate with him. The Court's plan ensures that the defense teams will be able to communicate about time-sensitive issues without distracting the jury. Second, Mr. Turcios's motion raised the compelling concern that seating the defendants in a separate area behind the bar would be akin to shackling, as jurors would recognize the layout as

1

unusual.  In a case in which the government alleges the defendants are members of a violent gang—and in which the government intends to portray the defendants as ruthless killers—the separation of the defendants from the rest of the courtroom would lead to speculation that they are being treated differently because they are dangerous.  The Court's plan resolves this concern.

Additionally, the Court's plan resolves an ongoing concern for Mr. Arevalo, which has been his joinder with Andrade.  As set forth in Mr. Arevalo's Motion to Sever (Doc. 349) and Reply in Support of His Motion to Sever (Doc. 412), Andrade's defense is that Mr. Arevalo shot and killed ELT in self-defense.  Andrade's defense is mutually antagonistic to Mr. Arevalo's, and would erode Mr. Arevalo's presumption of innocence and right to hold the government to its burden to prove that he was actually present and involved in the homicide.  And as discussed in Mr. Arevalo's Motion to Dismiss, this is no mere academic matter—the evidence of Mr. Arevalo's participation in this homicide is questionable and has been irreparably compromised by the deportation of a material witness.  The Court's plan would resolve the mutual antagonism between Mr. Arevalo and Andrade.  At the same time, it would resolve the outstanding *Bruton* issues, for which the government has struggled to offer an adequate solution.  Mr. Arevalo is also hopeful that beginning his trial several weeks later will give the government an opportunity to comply with the Court's *Brady* Order, which requires *timely* disclosure of exculpatory evidence.

Perhaps most importantly, the Court's plan would simplify and streamline the issues for the juries.  As indicted, this is a complicated case with six defendants, twenty charges, and four homicides.  Racketeering charges can be difficult to comprehend and consider.  Severing the defendants would allow each jury to consider a smaller set of charges and narrower issues and prevent confusion among the homicides and the codefendants.  It will also prevent the jurors—who are already making a sacrifice to fulfill an important duty—from having to spend such an

extended period away from their work and other obligations.  At the same time, it will minimize the likelihood of COVID-19 or another illness spreading through the jury and causing trial disruptions.

In contrast, the government's arguments against severance are unpersuasive.  In opposition to the Court's plan, the government argues that "the Court's Order is in conflict with the standard articulated by the Supreme Court in *Zafiro*."  Objection at 5.  But in fact, Rule 14 provides this Court with broad discretion to sever the defendants.  Rule 14 gives this Court "flexibility" to handle issues of severance and joinder.  *See United States v. Lane*, 474 U.S. 438, 449 n.12 (1986).  In this case, the Court has appropriately exercised its discretion by identifying a risk and taking action to eliminate that risk and ensure a fair trial.

The government raises the specter of presenting the same evidence twice, and thus having trials that are twice as long and twice as expensive.  But contrary to the government's argument, it is neither "legally entitled" nor "required to present evidence of all four murders in both trials."  Although there would be limited areas of overlap, the government need not present its entire case twice.  Not all evidence is relevant to each defendant.  For example, evidence of the AKS homicide would be largely confined to the first trial, and evidence of the double homicide largely confined to the second.  The government also raises the specter of three defendants receiving its witness list a few weeks early.  The history of this case does not support such a concern.  Mr. Arevalo and his codefendants have been jailed pending trial for multiple years.  They are already aware of *Jencks* materials and controlled buys, and they have appeared in court several times since the second superseding indictment.  The parties are aware of the witnesses in this case.  Mr. Arevalo's only interest is a fair trial, which the Court's Order is well designed to provide.

Respectfully submitted,
CRISTIAN AREVALO ARIAS

s/ Bernadette Donovan

Bernadette M. Donovan
VA BAR 82054
Donovan & Engle, PLLC
1134 East High Street, Unit A
Charlottesville, VA 22902
Office 800-428-5214
Fax 434-465-6866
bernadette@donovanengle.com

Daniel Hutcheson Goldman
VA BAR 82144
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, VA 22314
Office 202-677-5709
Fax 833-523-2310
dan@dangoldmanlaw.com

*Counsel for Cristian Arevalo Arias*

## CERTIFICATE OF SERVICE

I, Bernadette Donovan, Esq., hereby certify that on this December 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A Notice of Electronic Filing will be served on:

John C. Blanchard
Maureen Cain
Matthew K. Hoff
Assistant United States Attorneys
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Tel: 703-299-3700
Fax: 703-299-3980
John.blanchard@usdoj.gov
Maureen.cain@usdoj.gov
Matthew.hoff2@usdoj.gov

s/ Bernadette M. Donovan