IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 1:21-cr-260 |
| vs. : | |
| : | Hon. Leonie M. Brinkema |
| CRISTIAN ARIEL AREVALO ARIAS, : | |
| : | |
| Defendant. : | |
| : | |

## SUPPLEMENTAL PROFFER

Having had the opportunity to review the transcripts of the January 30, 2024, hearing, including the closing argument of Ms. Van Pelt on behalf of Mr. Villatoro, Mr. Arevalo, by and through undersigned counsel, respectfully submits the following supplemental proffer in support of his oral motions for mistrial and severance at the conclusion of closing statements in the case. In particular, counsel writes to proffer visual aspects of the event that may not have been adequately presented in the record.

In support, Mr. Arevalo states as follows:

1. In closing, counsel for Mr. Villatoro introduced several facts not in evidence. Ms. Van Pelt also improperly vouched for the credibility of Karen Figueroa, the only government witness to corroborate cooperator Mario Guevara's statements inculpating Mr. Arevalo in the double homicide. When doing so, counsel projected an prepared image of Walter Rubio Lemus and Karen Figueroa and then pointed to the photo of Ms. Figueroa, whom she credited with telling "the truth" about the murders of Mr. Beltrain Lopez and Mr.

1

    Mayorga. Tr. 137:20. Counsel went on to state: "I suggest to you that she probably was telling the truth, and she probably got it right." Tr. 138: 3–4.

2. "The truth" counsel referred to was the only statement by the only non-law-enforcement witness in the entire case corroborating that Blue said he committed the double murder with Serio (Mr. Arevalo).

3. Counsel went on to state that she spoke for Mr. Villatoro and to offer, for the first time, with no evidentiary support in the record, a new prosecution theory to which counsel knew Mr. Arevalo's counsel would be unable to respond, having already given Mr. Arevalo's closing argument.

4. Counsel stated:

> **They stop at the Seven Mart, not at the Exxon, at the Seven Mart. My printer is dying, so this is a horrible photo. This is not the one in evidence, you can look at the one in evidence. And I can't talk while I'm back there, but I'm going to go back there, and I'm going to point out the dumpster.**

    Tr. 141: 15–25.

5. Counsel then presented an image of Government Exhibit 1-1A, an aerial of the Seven Mart[1] and pointed to an area behind that convenience store, in the line of woods by the scene of the double homicide, where she incorrectly stated there was a dumpster. No evidence was ever introduced of there being a dumpster

---

[1] The image actually shows the "1 Stop Market" but was referred to as the "Seven Mart" throughout trial. The convenience store has changed names since the homicides but is the convenience store behind which the bodies of Mr. Beltran and Mr. Mayorga were found.

behind the "Seven Mart." But the image shows a small fenced-in area behind the market where there are what appear to be two covered compost bins.

6. The fact that these are compost bins, not a dumpster, was never introduced at trial and is only visible by blowing up Government Exhibit 1-1A, something the jurors will be unable to do with the hard-copy, low-resolution photo provided as an exhibit.

7. From Gov. Ex. 1-1A, a hard-copy laser copy of an aerial photo, the resolution is such that a juror could easily be misled to believe that the compost bins are in fact a dumpster.

8. Counsel for Mr. Villatoro then introduced yet another speculative fact not in evidence, that the double homicide happened at 11:30 p.m., when counsel argued her client was elsewhere. Tr. 145: 14. Although evidence from the medical examiner was that time of death could not be established, and the bodies were not found until the following morning, counsel offered that she knew the truth, that the murders had happened at 11:30 p.m. on June 21, 2019.

9. The combination of misstatements of fact with the statement that counsel was "speaking for Mr. Villatoro," who was unable to speak for himself due to language and education limitations, left the jury with the impression that counsel had spoken with her client and received information about "the truth" of what had happened, which she argued placed Mr. Arevalo in the double homicide. All of counsel's argument was made without Mr. Arevalo having an opportunity to respond and without evidentiary support in the record.

10. Counsel for Villatoro also improperly referenced her client's decision not to testify, characterizing it as a choice based on language and education limitations, thereby improperly suggesting that Mr. Arevalo would have testified if he were innocent of the crimes since the jury had evidence before it that Mr. Arevalo spoke English fluently. Videos of Mr. Arevalo in two controlled purchase videos revealed that he spoke English, as did testimony regarding his interaction with Officer Kevin Vasquez, who testified about a traffic stop the month after the double homicide.

11. Counsel for Mr. Villatoro laid in wait without an iota of evidentiary support and sprung a new prosecution theory on Mr. Arevalo at a point in trial calculated to deprive him of the ability to respond. She asked no questions of witnesses and introduced no evidence to support the changed theory in which Mr. Arevalo lured Mr. Beltran and Mr. Lopez from behind the One Mart, manipulating the trial record to catch Mr. Arevalo unable to defend himself. For example, Mr. Arevalo was unable to present evidence that there was no dumpster where Ms. Van Pelt said there was.

## CONCLUSION

WHEREFORE Mr. Arevalo proffers the above facts to supplement the record with respect to his motions for a mistrial and severance.

Respectfully submitted,

**CRISTIAN AREVALO ARIAS**
By Counsel

Bernadette M. Donovan                    Daniel Goldman

| | |
|---|---|
| Virginia Bar No. 82054 | Virginia Bar No. 82144 |
| Donovan & Engle, PLLC | The Law Office of Daniel Goldman |
| 1134 East High Street, Unit A | 114 N. Alfred St. |
| Charlottesville, VA 22902 | Alexandria, VA 22314 |
| Office 703-895-3846 | Office 202-677-5709 |
| Fax 434-465-6866 | Fax 833-523-2310 |
| bernadette@donovanengle.com | dan@dangoldmanlaw.com |

### CERTIFICATE OF SERVICE

I, Bernadette Donovan, Esq., hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A Notice of Electronic Filing will be served on:

John C. Blanchard
Assistant United States Attorney
Rachel M. Roberts
Special Assistant United States Attorney
Matthew K. Hoff
Department of Justice Trial Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
E-mail: John.blanchard@usdog.gov
Phone: (703) 29903700
Fax: (703) 837-8242

s/ Bernadette Donovan