**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-260-01 LMB** |
| | : | **The Hon. Leonie M. Brinkema** |
| **JAIRO AGUILERA SAGASTIZADO,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT JAIRO AGUILERA'S MOTION FOR A NEW TRIAL**
**AND MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW, the Defendant, Jairo Aguilera Sagastizado, by and through undersigned counsel, and hereby moves this Honorable Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. A new trial is warranted based on the highly incriminating — and subsequently struck — testimony of Abner Molina Rodriguez. In addition, Mr. Aguilera moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Specifically, he moves this Court to strike the special finding as to the drug conspiracy count on the basis that the evidence showed many drug sales by alleged co-conspirators were for their own, personal side business.

**I.     PROCEDURAL BACKGROUND**

Jairo Aguilera was charged on June 15, 2023, in a Second Superseding Indictment with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a) and 846 (Count Two); Conspiracy to Commit Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (Count Twelve); Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. §

1959(a)(1) and (2) (Count Thirteen); and Use of a Firearm During a Crime of Violence Causing

Death, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1), and (2) (Count Fourteen). *See* ECF

295.

A jury trial in this matter commenced on January 8, 2024.  On Friday, January 12, 2024,

the fifth day of trial, the government called Abner Molina Rodriguez, also known as Rino and

Tecolote. Molina was a key witness against Mr. Aguilera, who Molina referred to as Coy. Molina

testified that he and Aguilera discussed purchasing a gun for the clique that was being offered to

Aguilera. *See* Tr. 1-12-24 at 22:13-23:8. He testified that Aguilera came down from New York

with drugs and a gun. *Id.* at 58:4-20. Molina testified extensively regarding the night that Antonio

Smith was killed, and directly implicated Aguilera in the shooting.  *Id.* at 60:3-70:3. Molina was

on the stand testifying from 9:40am that morning until 5:03pm that evening.  *Id.* at 6:24 & 170:12.

His testimony took nearly an entire day of trial. Molina was the government's final cooperating

witness and their very last witness, except for brief testimony by an expert in cellular and GPS

mapping.

There were no court proceedings on Monday, January 15, 2024, due to a federal holiday.

Due to inclement weather, there were also no court proceedings on Tuesday, January 16, 2024. On

that date, however, co-defendant Cristian Ariel Arevalo Arias[1] filed a sealed *Motion for Specific

Relief to Enforce Brady Order*. *See* Docket Entry 815 (referencing a *Motion to Seal* that pleading).

On Wednesday, January 17, 2024, the Court noted that the *Motion for Specific Relief* had

been adopted by the defendants in the first trial, including Aguilera, who also specifically joined

the motion on the record. *See* Tr. 1-17-24 at 4:4-7 & 11:25. That motion referenced the failure of

---

[1]    On December 15, 2023, Mr. Arevalo's trial, along with two other co-defendants, had been
severed from Mr. Aguilera's trial.  *See* ECF 713.

the prosecution to disclose *Brady* and *Jencks* material with respect to Abner Molina.  As a consequence of the government's failure to timely disclose "potentially inconsistent information about a key government witness," the Court "gave serious thought" to declaring a mistrial. *See id.* at 13:1-2 & 14:21-22. A co-defendant suggested the remedy of striking Molina's testimony, *see id.* at 11:7-9, and the Court stated it was going to follow that recommendation. *Id.* at 14:10-12. The Court again emphasized that declaring a mistrial "would have been my first thought." *Id.* at 5:6-7. Counsel for Mr. Aguilera then specifically moved for a mistrial, which was denied. *See id.* at 16:7-12.

After the close of all the evidence on January 17, 2024, the Court instructed the jury, in part, as follows: "I have determined, based upon information brought to my attention, that the testimony of Mr. Molina and any exhibits that he was used to introduce are to be stricken from the record. So as you think about this case, you must disregard any evidence presented through Mr. Molina, whom I have found not to be a credible witness." Tr. 1-17-24 at 57:12-20.

Following jury instructions, Mr. Aguilera made an oral motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29. *Id.* at 213:22-215:2. He argued that there was insufficient evidence to support a verdict of guilty on any of the charged counts. His Rule 29 motion was denied.

On January 18, 2024, a jury found Jairo Aguilera guilty on all counts for which he was charged under the Second Superseding Indictment.  Tr. 1-18-24 at 7:21-9:8; *see also* Verdict Form, ECF 830 at 1-3. Regarding the Count Two special finding on drug weight, the jury selected the quantity threshold of "500 grams or more of a mixture or substance containing cocaine." Tr. 1-18-24 at 8:16; *see also* Verdict Form, ECF 830 at 2.

## II.     MOTION FOR A NEW TRIAL PURSUANT TO RULE 33

Federal Rule of Criminal Procedure 33(a) provides that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In addition, with regard to the striking of testimony, "where the character of the testimony is such that it will create so strong an impression on the minds of the jurors that they will be unable to disregard it in their consideration of the case, although admonished to do so, a mistrial should be ordered." *See Maestas v. United States,* 341 F.2d 493, 496 (10th Cir. 1965). In *Maestas,* the court reversed convictions where the trial judge struck a government informant's two answers regarding the defendant's prior confinement in a penitentiary and gave curative instructions to disregard the answers. *Id.*  The appellate court found that such testimony "could not help but have had a strong prejudicial effect on the jury" and, therefore, a mistrial should have been granted.  *Id.*  In the instant case, Abner Molina's testimony was far more prejudicial and a new trial is warranted in the interests of justice.

Molina was a critical prosecution witness. He was the government's last major witness and his testimony took almost a full day, during which numerous government exhibits were entered into evidence. He gave highly incriminating testimony regarding Jairo Aguilera's alleged involvement in MS-13 and the murder of Antonio Smith.  *See, e.g.,* Tr. 1-12-24 at 22:13-23:8, 58:4-20 & 60:3-70:3.  In *Maestas*, the court found reversible error where the prejudice arose from the answers to two questions, answers that were immediately struck. *Maestas,* 341 F.2d at 496.  In the instant case, the highly prejudicial testimony spanned over six hours and it was not struck until five days later. Molina testified on January 12, 2024. Due to the weekend, federal holiday, and winter weather, the jury was not instructed to disregard his testimony until January 17, 2024. Thus, for approximately five days, the jurors had this extensive testimony in mind when considering the

4

case.  It was, save for brief testimony by a cellular mapping expert, the very last prosecution evidence they saw and heard before going home and not returning until five days later. Moreover, due to the high volume of exhibits and the need to remove the exhibits introduced through Molina, the jury was not given the exhibits and an amended list of exhibits until the following day, January 18, 2024. *See* Tr. 1-17-24 at 234:22-25 & 235:1-4. That was another day in which the jury went home with all the evidence in mind and not knowing which exhibits had been struck. The prejudicial impact was significant, far greater than in a case where the testimony is limited to two answers, is immediately struck, and the jury immediately instructed to disregard it. *See Maestas,* 341 F.2d at 496.

In addition, the reason given by the Court for striking Molina's testimony caused further error.  The Court instructed the jury: "[Y]ou must disregard any evidence presented through Mr. Molina, whom I have found not to be a credible witness." Tr. 1-17-24 at 57:19-20.  In fact, however, the testimony was struck by the Court due to a *Brady* error which compromised the fairness of the trial. By characterizing the decision to strike Molina's testimony as one in which the Court found him not to be credible, the Court bolstered the testimony of the government's other star witness, Mario Antonio Guevara Rivera, also known as Blue. The jury could very reasonably – and almost necessarily – have concluded that the Court found Guevara's testimony to be credible, otherwise he also would have been struck. Without Molina, Guevara's highly incriminating testimony about Jairo Aguilera was the lynchpin of the government's case against him.  Even if inadvertent, Guevara's testimony was improperly bolstered by the Court's instruction that it had struck Molina's testimony – but not Guevara's – when it determined Molina was not credible.

Moreover, the Court's ruling striking Molina's testimony just prior to closing arguments denied Mr. Aguilera the opportunity to highlight numerous inconsistencies between Molina's

testimony and his prior statements to law enforcement. This undermined Aguilera's ability to argue that Molina and Guevara had seemingly changed and aligned and manufactured their testimony to place blame on Aguilera. *See, e.g.,* Tr. 1-12-24 at 101:6-102:14 & 107:20-120:9; *see also Defendant's [Melvin Canales Saldana] Motion for Acquittal or Alternatively For a New Trial* [ECF 895] (filed 2/1/24) at 2-4 (detailing how striking Molina's testimony removed key exculpatory evidence).

### III.   MOTION TO STRIKE SPECIAL FINDING ON DRUG WEIGHT PURSUANT TO RULE 29 OR, ALTERNATIVELY, FOR A NEW TRIAL

Federal Rule of Criminal Procedure 29 provides that: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM PRO. 29(a). "A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge." FED. R. CRIM PRO. 29(c)(3). "If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination." FED. R. CRIM PRO. 29(d)(1).

Following jury instructions, Mr. Aguilera made an oral motion for judgment of acquittal, pursuant to Rule 29, based on the insufficiency of the evidence to support a verdict of guilty on any of the charged counts. *See* Tr. 1-17-24 at 213:22-215:2. His Rule 29 motion was denied.

On January 30, 2024, following closing arguments in the trial of the second set of the defendants in this case,[2] the Court noted: "[T]he evidence in this case was — and this is unrefuted

---

[2]   The trial of Marvin Menjivar Gutierrez, Cristian Ariel Arevalo Arias, and Carlos Jose Turcios Villatoro had commenced on January 22, 2024.

— that much — how much, we don't know, but many, many drug sales were not for the gang, they were people's own personal business — side business, so to speak, and I'm just not satisfied that we should take the jury's time up trying to figure out the quantities attributable to the defendants. So I'm removing that from the verdict form." Tr 1-30-24 at 169:22-170:4. The same is true of the evidence in the first trial involving Jairo Aguilera. Mr. Aguilera moves the Court under Federal Rule of Criminal Procedure 29 to strike the jury's special finding of drug weight of "500 grams or more of a mixture or substance containing cocaine" on Count Two. *See* Tr. 1-18-24 at 8:16; *see also* Verdict Form, ECF 830 at 2. We also move the Court to conditionally determine that a motion for a new trial on Count Two should be granted if the judgment of acquittal is later vacated or reversed. *See* FED. R. CRIM PRO. 29(d)(1). Based on the nature of the evidence of drug weight evidence against Mr. Aguilera, it would be in the interests of justice to grant a new trial. *See* FED. R. CRIM PRO. 33(a).

WHEREFORE, based on the foregoing, Mr. Aguilera respectfully moves this Court for a new trial, pursuant to Rule 33, a judgement of acquittal pursuant to Rule 29 as to the special finding related to Count Two, and to make a conditional finding that if the judgment of acquittal is reversed on appeal, a new trial should be granted.

Respectfully submitted,

JAIRO AGUILERA SAGASTIZADO
By Counsel

_____/s/_____
Joseph King (VA Bar No. 65632)
King, Campbell, Poretz & Mitchell, PLLC
118 N. Alfred Street
Alexandria, VA 22314
Tel.: (703) 399-0010
Fax: (703) 652-6010
jking@kingcampbell.com


_____/s/_____
Jeffrey Zimmerman (VA Bar No. 38858
Jeffrey Zimmerman, PLLC
108 N. Alfred Street
Alexandria, VA 22314
Telephone Number: (703) 548-8911
Facsimile Number: (703) 548-8935
Email Address: www.zimpacer.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February 2024, a true and accurate copy of the foregoing was electronically filed and served via the Court's CM/ECF system to all counsel of record.


_____/s/_____
JEFFREY D. ZIMMERMAN