IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA  :

V.                                            Criminal No. 21-260

MANILESTER ANDRADE RIVAS :

<u>MOTION TO SET ASIDE VERDICT PURSUANT TO RULE 29</u>

<u>AND/OR FOR A NEW TRIAL PURSUANT TO RULES 29 and 33</u>

Manilester Andrade Rivas, hereby adopts and joins certain sections of the motion filed by Mr. Canales as docket entry 895.  Since Mr. Andrade Rivas was acquitted by the jury of several counts and those acquitted allegations are no longer relevant going forward, we are joining only certain portions of the well-reasoned motion filed by counsel for Canales.

We specifically join Section II(i) as it relates to the specific intent required to convict for a conspiracy to commit murder.  As noted in docket entry 895, there was no evidence (*especially since Abner Molina's testimony was excluded*) of a specific intent to harm Mr. Tate. Though the *Barnett* case is unpublished, the reasoning set forth certainly

applies here. An unspecified "mission" without proof that Tate was the intended target cannot satisfy the required specific intent requirement.

In addition, we respectfully note that the indictment specifically alleges intent to harm Mr. Tate. The instructions do the same. The verdict form likewise states the conspiracy must be a conspiracy to harm Mr. Tate. There is absolutely no evidence of intent to harm Mr. Tate. He was not known and not alleged to be a chavala. Indeed, Mr. Tate himself shot his own firearm seven times. People cannot be convicted for ill will towards categories of folks—especially where the indictment, instructions, and verdict form all required the government to prove intent to harm a specific person--Eric Tate.

We also join Section III of the Canales motion. The defendants in Trial II received the benefit of striking the 500-gram threshold and for that reason and because of the other grounds specified in the Canales motion we ask for the same.

Finally, we join Section IV. This *Brady* situation was just uncovered during Trial II.

For all the reasons set forth here and for those reasons set forth in the specifically adopted sections of Docket Entry 895, we ask the Court to acquit Andrade Rivas as to the conspiracy count, to strike the drug quantity amount, and/or to order a new trial on the counts of conviction.

Manilester Andrade Rivas

By Counsel

_____/s_____

Michael Sprano

10603 Judicial Drive

Fairfax, Virginia 22030

703-591-1332

msprano@spranolaw.com


_____/s_____

Frank Salvato

1203 Duke Street

Alexandria, Virginia 22314

703-548-5000

Bar No. 30453

Frank@Salvatolaw.com

Certificate

I hereby certify that the foregoing motion was filed with the Court's electronic filing system which system will then send a notice to the Office of the United States Attorney on this 1st day of February, 2024.

_____/s_____

Frank Salvato

1203 Duke Street

Alexandria, Virginia 22314

703-548-5000

Bar No. 30453

Frank@Salvatolaw.com